## JOHN FRANKS V. THE STATE.

No. 17475. Delivered March 27, 1935.
Rehearing Denied June 26, 1935.

The opinion states the case.

*Wm. McMurrey,* of Cold Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment two years in the penitentiary.

While appellant has six bills of exception, they all bring forward but one contention, and that is that the alleged burglarized house was not under the care, control and management of the owner alleged in the indictmen, Mr. Cochran, but was under the care, control and management of a tenant of Mr. Cochran,—one Mr. Carr, and that for this reason the court erred in submitting the case to the jury upon the theory of ownership of the building in Mr. Cochran, and in refusing to give a peremptory instruction of not guilty, and in not granting a new trial, etc., etc.

Mr. Cochran testified that he owned a farm about three miles north of Cold Springs; that Manch Carr was his tenant on halves, on said farm. He further testified that he owned a small house out in the field which was used for storing crops, etc., by various tenants. This house he said belonged to him entirely, and was not delivered to or owned or controlled by any one else. Sometimes one tenant put articles in said house and sometimes another, and sometimes different tenants had property in there at the same time. It is further shown that on the day before this alleged burglary Manch Carr and his wife picked about 169 pounds of cotton, of which they owned half and Mr. Cochran owned half, and this cotton was put in said house and the door nailed up by Carr that night. That night the door was broken and the house entered and the cotton removed. The next morning on appellant's porch a pile of cotton was found and identified by Carr, and same was taken away and returned to the cotton house of Mr. Cochran. Appellant introduced a number of witnesses who testified that he, appellant, had been picking cotton, and also his wife had been picking cotton, and that the pile of cotton on appellant's porch belonged to him, and was cotton which he and his wife had picked. It was shown in evidence by the officer and others that appellant had three or four piles of cotton in his house,—

some in a room and one on the porch. We are unable to agree with any of appellant's contentions. There is no dispute as to the ownership of the cotton house which was burglarized. It belonged to Mr. Cochran. The fact that he allowed Carr and other tenants to put property in there would not change the ownership of the house. It is also without dispute that Mr. Cochran owned a half interest in the cotton which Carr and his wife had picked and put in the house the night of the burglary. Our statutes on theft and burglary do not require that the sole and unconditional ownership either of the house or the property therein, be in the person alleged to be the owner. The ownership of the house being in Mr. Cochran, and he having an undivided interest in the cotton therein, it was proper to allege ownership of both the house and the cotton in him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—We have carefully re-examined the record in the light of appellant's motion for a rehearing and are constrained to adhere to the conclusion announced in the original opinion.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.